# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROSE M. HOLBROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1791-WTL-MJD |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Rose M. Holbrook requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Holbrook's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, now rules as follows.

## I. PROCEDURAL HISTORY

Holbrook filed for DIB and SSI on November 10, 2012, alleging she became disabled on December 16, 2011, due to back pain and anxiety. Holbrook's application was denied initially on February 12, 2013, and again upon reconsideration. Following the denial upon reconsideration, Holbrook requested and received a hearing in front of an Administrative Law Judge ("ALJ"). That hearing, during which Holbrook was represented by counsel, was held on

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

February 6, 2014, before ALJ Julia D. Gibbs. The ALJ issued her decision on July 22, 2014, denying Holbrook's claim. Holbrook requested review by the Appeals Council, and the Appeals Council denied the request for review on September 10, 2015. Holbrook then filed this timely appeal.

## II. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i).[2] At step two, if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-

---

[2] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to SSI sections only, with the exception of DIB section cites where they provide information beyond that found in the SSI sections.

month duration requirement; if so, the claimant is deemed disabled, 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176 (citations omitted).

### III. ALJ GIBBS' DECISION

ALJ Gibbs determined at step one that Holbrook had not engaged in substantial gainful activity since December 16, 2011, the alleged disability onset date. Record at 13. At step two, the ALJ concluded that Holbrook had the severe impairments of obesity and depression, as well as a number of non-severe impairments, including, among other impairments, a vision impairment, osteoarthritis, back pain, panic and anxiety disorders, and major depressive disorder. R. at 13-16. At step three, the ALJ determined that Holbrook's impairments did not meet or

3

medically equal Listings 1.00, 1.02, 1.04, 2.00, 12.04, or 12.06. R at 16-17. At step four, the ALJ determined that Holbrook had the following residual functional capacity ("RFC"):

> [T]he claimant has the [RFC] to perform at a medium level of exertion as defined in 20 CFR 404.1567(c) and 416.967(c) that does not require interaction with the general public or more than superficial or occasional interaction with coworkers.

R. at 18.

The ALJ determined that Holbrook could not perform past relevant work, but would be capable of performing work that exists in significant numbers in the national economy. R. at 22-23. Accordingly, the ALJ concluded that Holbrook was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The ALJ's decision in combination with Holbrook's brief (Dkt. No. 17) aptly set forth the medical evidence of record, which need not be recited here. Specific facts are introduced in the discussion section below where relevant.

## V. DISCUSSION

In her brief in support of her Complaint, Holbrook argues that the ALJ ignored or did not evaluate evidence proving Holbrook's disability due to her post-traumatic stress disorder, major depressive disorder, and panic-anxiety disorder. Dkt. No. 17 at 8. She also argues that the ALJ's RFC determination did not accurately describe Holbrook's impairments. *Id.* at 13. She further contends that the ALJ erred in her determination that Holbrook's impairments did not medically equal a listing because the ALJ did not summon a medical advisor to testify regarding medical equivalency. Id. at 11.

### A. Substantial Evidence

Holbrook argues that substantial evidence does not support the ALJ's determination that she was not disabled by the combined effects of her mental impairments. Dkt. No. 17 at 8.

4

Specifically, she contends that the ALJ "arbitrarily rejected the [RFC] evaluation by Gallahue mental health clinic and her treating psychotherapists" and determined that "[Holbrook] had no marked or extreme limitations under the mental Listings' 'B' criteria, contrary to the [Global Assessment of Functioning ("GAF")] assessments of 50 from Gallahue mental health clinic, indicating total disability."[3] *Id.* at 8 & 9, respectively.

This is simply not the case. The ALJ discussed the reasons she discounted the June 2014 assessment of a nurse practitioner at Gallahue Mental Health Services and discussed several GAF assessments, including those GAF scores of 50 from Gallahue Mental Health Services. R. at 20-22. She determined that the nurse practitioner's mental RFC assessment, which does not include a GAF score, was not created by an acceptable medical source and "consist[ed] largely of checked-off responses without detailed medical evidence and is not consistent with the claimant's treatment records from Gallahue Mental Health Services, which show that the claimant participated in group therapy and include GAFs of 50 or greater."[4] R. at 22. She further acknowledged a GAF score of 45-50 from September 2010, which was over a year before Holbrook's alleged onset date, but indicated that "the claimant's treatment records for the period under consideration do not show that her depression persisted at a level of severity that would

---

[3] Holbrook makes a nearly identical argument in another section of her brief. Specifically, she argues that, when the ALJ assessed Holbrook as having a moderate impairment in social functioning, '[t]he ALJ impermissibly failed to account for [Holbrook]'s disabling depression and anxiety with GAF assessment in the totally disabled range." *Id.* at 13 (citing R. at 17). Holbrook argues that this mistake then led to an erroneous RFC determination. The Court addresses both arguments in this section.

[4] The ALJ correctly found that the nurse practitioner was not an acceptable medical source at the time of the ALJ's decision, and did not err in refusing to credit her RFC assessment because she cited to evidence from other treating sources supporting her decision. *Cf. Voigt v. Colvin*, 781 F.3d 871, 878 (7th Cir. 2015) (ALJ did not provide adequate reasons for discounting nurse practitioner's assessments). For claims filed on or after March 27, 2017, nurse practitioners are acceptable medical sources for impairments within their licensed scope of practice. *See* 20 C.F.R. § 416.902 (2017).

5

reasonably preclude work within the [RFC] adopted." R. at 20. She also discounted higher GAF scores. She disagreed with a consultative examiner's GAF score of 79 in 2013 because "subsequent mental health treatment records, including records from Gallahue Mental Health Services, support a greater degree of limitation during the period under consideration." R. at 22 (citing Dkt. No. 13-10 at 1-41). She also discounted the GAF score of 63 provided by another consultative examiner because "the record as a whole shows that the claimant's depression more than minimally affected her ability to function during the period under consideration." R. at 21.

Furthermore, GAF scores "are measures of both severity of symptoms and functional level" and "'always reflect[] the worse of the two.'" *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (quoting AM. PSYCHIATRIC ASS'N, DIAGNOSTIC & STAT. MANUAL OF MENTAL DISORDERS 32 (rev., 4th ed. 2000)). They "do[] not reflect the clinician's opinion of functional capacity." *Denton*, 596 F.3d at 425. For this reason, the ALJ is not required "to determine the extent of an individual's disability based entirely on [a] GAF score." *Id.* (internal quotation omitted). The ALJ considered the various GAF scores along with her review of the other medical evidence in the record. She did not, as Holbrook says, "rely[] subjectively only on her layperson's 'expertise'" or "act[] as her own medical expert, improperly basing her decision on her independent medical determinations." Dkt. No. 17 at 9. Rather, she examined the opinions of the medical experts and provided an adequate explanation for the weight she gave to the various medical opinions. *See* R. at 18-22. *Skarbet v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician . . . as long as he minimally articulates his reasons for crediting or rejecting evidence of disability") (internal citations and quotations omitted). Then, based on

the record before her, she determined that Holbrook was not disabled. For these reasons, the ALJ's disability determination and RFC were based on substantial evidence.

## B. Medical Equivalency

Holbrook argues that the ALJ erred in analyzing whether her impairments medically equaled a listing because she did not "summon a medical advisor to testify." Dkt. No. 17 at 11. Specifically, she contends that the ALJ relied on her lay opinion in determining that Holbrook's impairments did not medically equal listings 12.04 and 12.06.

A claimant is eligible for benefits if she has a condition that meets or equals an impairment listed in appendix 1 to 20 C.F.R. § 404. 20 C.F.R. § 404.1520(a)(4)(iii); (d). "Each listing has a set of criteria which must be met for an impairment to be deemed conclusively disabling." *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012); *see also* 20 C.F.R. § 404.1525(c). If a claimant's impairments meet a medical listing, she will be found disabled. 20 C.F.R. § 404.1520(d). If a claimant's impairments do not meet any medical listing, the ALJ must consider whether the impairments equal any listing. 20 C.F.R. §§ 404.1520(e); 404.1525(c)(5); 404.1526(a). "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) (citing 20 C.F.R. § 404.1526(b); S.S.R. 96–6P at 3, *reinstating* S.S.R. 83–19; and *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir. 1989)).

The ALJ references a number of listings, including Listings 1.00, 1.02, 1.04, 2.00, 12.04, or 12.06. *Id.* at 16-17. She also makes clear that she gives "great weight" to the opinions contained in Dr. Neville's psychiatric assessment and Dr. J. Gange's mental assessment. R. at 22. Both doctors found that Holbrook's mental impairments did not meet or medically equal Listing 12.04. *See* R. at 74 (Gange's assessment that Holbrook's impairments do not satisfy

Listing 12.04 criteria); R. at 95-96 (Neville's assessment reaching the same conclusion). And, although the doctors do not name Listing 12.06, they were not required to—they concluded that Holbrook was not disabled. As a result of that determination, it was "conclusively establish[ed]" that they had considered the question of medical equivalence and determined that Holbrook did not meet or equal any listing. *See Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) (State agency forms 'conclusively establish that consideration by a physician . . . designated by the Commissioner has been given to the question of medial equivalence at the initial and reconsideration levels of administrative review. The ALJ may properly rely on the opinion of these medical experts. So, substantial evidence supports a finding that [plaintiff] did not meet or equal a listing.") (internal citations and quotations omitted); Social Security Ruling ("SSR") 17–2p.

Under Social Security Ruling 96–6p, which was in place at the time of the ALJ's decision, but has since been rescinded, an ALJ "must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96–6p. As the Commissioner notes, Holbrook does not point to any additional evidence that was not evaluated by Drs. Neville and Gange that would have established that her impairments equal a listing. Accordingly, the ALJ was not required to obtain an updated medical expert's opinion and could properly rely on the expert opinions provided by Drs. Neville and Gange. Consequently, the ALJ did not err by failing to "summon a medical advisor to testify" on the issue.

## VI. **CONCLUSION**

For the reasons set forth above, the Court finds that Holbrook has failed to point to any reversible error by the ALJ. Accordingly, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED: 8/28/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification